IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCORA GUARANTEE INC., formerly known as XL CAPITAL ASSURANCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EMC MORTGAGE CORP.,<br><br>Defendant. | No. MC 13-80037 SI<br><br>**ORDER COMPELLING PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY** |

As part of discovery in an action in the Southern District of New York, plaintiff Syncora Guarantee Inc. moves this Court to compel production of documents held by third party GreenPoint Mortgage Funding, Inc., and to redepose non-party Leslie Gibin. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument and vacated the hearing scheduled for March 22, 2012. After considering the parties' arguments, the Court GRANTS plaintiff's motion, for the reasons set forth below.

**BACKGROUND**

The underlying action in this case, *Syncora Guarantee Inc. v. EMC Mortgage Corp.*, No. 09-CV-3106 (S.D.N.Y. filed March 31, 2009), involves an alleged breach of contract for the securitization of mortgages. EMC sponsored, and Syncora insured, the transaction at issue, whereby approximately 10,000 mortgage loans were sold to a trust. The loans were originated by GreenPoint, of which the witness, Ms. Gibin, is a former employee. Syncora alleges that EMC breached express representations and warrantees attesting to specific attributes and the quality of the GreenPoint loans, including that

GreenPoint did not commit fraud, error, omission, misrepresentation, or negligence in the origination, and the origination methodology confirmed that the borrower had the ability and willingness to pay. Brooks Decl., Ex. 1 at ¶¶ 3, 39.

Over a year ago, defendant and plaintiff separately subpoenaed Ms. Gibin for a deposition on the same day, and could not agree on how to apportion time for the deposition. This Court ordered that the parties each be allotted seven hours over two days to depose Ms. Gibin. *Syncora Guarantee Inc. v. EMC Mortgage Corp.*, No. 12-MC-80028 (N.D. Cal. March 8, 2012). She was deposed in accordance with the Court's order ten days later. Syncora asks to be able to depose Ms. Gibin a second time for 3½ hours, to discuss documents that had not been produced when Ms. Gibin was first deposed.

Syncora also seeks the production of five categories of documents: (1) concerning GreenPoint underwriting exams, (2) related to the November 2006 repurchases presentation, (3) concerning the Office of the Comptroller of the Currency ("OCC") reviews of GreenPoint, (4) concerning the Clayton audit, and (5) regarding the "Strike Force" team. It argues that these documents are reasonably calculated to lead to admissible evidence. EMC and GreenPoint argue that these documents are irrelevant and burdensome.

**LEGAL STANDARD**

In the absence of a stipulation, a party must obtain leave from the court to re-open a deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). Whether to re-open a deposition lies within the court's discretion. *Couch v. Wan*, No. 08-1621, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012) (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan.1996)). The Committee Notes to the 2000 Amendments to Rule 30 explain that "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."

Moreover, while generally contemplating broad discovery, Rule 26 requires the court to limit discovery when (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, (ii) the party has already had ample opportunity to obtain the information, or (iii) the burden of obtaining the information outweighs the expense. Fed. R. Civ. P. 26(b)(2)(c).

Pursuant to Rule 26, a party is entitled to any discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," including any discovery that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The Federal Rules of Civil Procedure creates a 'broad right of discovery' because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.'" *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993)).

**DISCUSSION**

**I.     Re-deposition of Ms. Gibin**

Syncora argues that it should be allowed to depose Ms. Gibin on specific documents that were produced after her first deposition. Specifically, Syncora wants to discuss: (1) an email sent solely to Ms. Gibin regarding a Salary.com "test" that indicates the extent and degree of overstated incomes on GreenPoint loans, (2) a report analyzing GreenPoint's internal prefunding reviews for fraud, (3) the minutes from underwriting meetings where Ms. Gibbin served as the chairperson, and (4) an email and attachment regarding the creation of the Broker Correspondent Review Committee, of which Ms. Gibin was the chairperson.

EMC and Ms. Gibbin argue that further deposition is unnecessary and burdensome. First, they argue that Ms. Gibbin already answered questions regarding the subjects that these documents cover, such as testing the stated incomes on loans, prefunding analysis reports, and the monitoring of brokers. However, they cannot argue that Ms. Gibbin has not answered questions specifically about these documents, because these documents had not been produced yet.

Second, EMC and Ms. Gibin argue that re-deposition regarding the committee meeting minutes is unwarranted because Syncora chose to depose Ms. Gibin knowing that it had requested the production of these documents, but without waiting for their production, citing to *Bookhamer v. Sunbeam Products Inc.*, C 09-6027 EMC DMR, 2012 WL 5188302 (N.D. Cal. Oct. 19, 2012). However, unlike in *Bookhamer*, in this case Syncora did not make "a tactical decision that resulted in a litigation disadvantage [which] does not warrant" a re-deposition. *Id.* Here, Syncora, unlike in *Bookhamer*, did not choose to depose Ms. Gibin relatively early in discovery, and GreenPoint did not agree to produce

these documents until several months after Ms. Gibin's testimony.

Third, the parties argue that a second deposition will be burdensome for Ms. Gibin because she will have to prepare for the second deposition, and it will be duplicative and risk confusing the issues. However, if Syncora is limited to only discussing the new documents and not asking questions about the initial deposition, then there should be no risk of duplication or confusion. Moreover, the Court does not find that 3½ hours will be unduly burdensome, especially as Syncora has agreed to depose Ms. Gibin at a time and place convenient for her.

Accordingly, the Court finds that Syncora has shown good cause for re-deposition of Ms. Gibin, because it has shown that all of the documents that it wishes to discuss are newly discovered evidence, and will not be duplicative or unduly burdensome.

## II. Production of Documents

### A. Documents Concerning GreenPoint Underwriting Exams

Syncora requests the production of documents concerning underwriting exams administered to GreenPoint underwriters in 2006, the year that a majority of the loans in the transaction were originated. Syncora argues that these documents are relevant because they may show that GreenPoint's underwriters had deficits in their knowledge at the time they originated the loans.

GreenPoint argues that the exams are not probative, because the mere fact that an underwriter missed a question does not show that they improperly underwrote the loans at issue. However, the discovery need not conclusively show that the underwriters acted improperly. Evidence of poor test performance may be relevant to issues in the case, as it may tend to show that the underwriters were not properly applying the correct underwriting standards, for a variety of speculative reasons. Therefore, the Court finds that these documents are discoverable.

### B. Documents Related to the November 2006 Repurchase Presentation

Syncora requests production of documents related to a presentation GreenPoint produced entitled "GPM Repurchase Overview November 2006." The presentation describes an increase in repurchases, and notes origination deficiencies and discusses credit policy measures to address the increase. Syncora

4

requests all correspondence, related presentations, and drafts concerning this presentation, arguing that they are relevant to the issue of the quality of underwriting and loans at GreenPoint.

GreenPoint argues that this presentation is not probative because it is only about a repurchase program, and none of the loans at issue were repurchased. However, this misses the larger significance of the presentation, which also discussed potential causes of the increase of repurchasing, including poor origination practices. This would be relevant because it may tend to show that in 2006 GreenPoint underwriters were improperly originating loans. Therefore, the Court finds that these documents are discoverable.

### C.     Documents Concerning the OCC Reviews of GreenPoint

The November 2006 presentation recommends that GreenPoint implement quality control procedures to address concerns of the Office of the Comptroller of the Currency "OCC," including recommendations regarding underwriters. Syncora requested all documents regarding the OCC's concerns, including any reviews, audits, reports, or findings. GreenPoint argues that these documents are not relevant because none of the loans at issue were reviewed by the OCC. However, the OCC's review may have found practices by the underwriters that tends to show that they improperly originated loans. Thus, the documents are relevant.

Additionally, GreenPoint argues that the documents are protected by the bank examination privilege. The bank examination privilege is held by the OCC, but it does not apply to documents that were not created by the OCC. *Chase Bank USA, N.A. Check Loan Contract Litig. v. Chase Bank*, C 09-MD-2032 MMCJL, 2011 WL 2078621, *1 (N.D. Cal. Mar. 17, 2011). Parties seeking bank examination documents must first inquire of the OCC to determine whether and for which documents it is asserting the privilege. *Id.*

Accordingly, in order to determine whether the OCC, as the holder of any privilege that exists, asserts any such claim, Syncora must first advise the OCC of the documents they are requesting for which GreenPoint claims are protected by the bank examination privilege. If the OCC responds that it does not claim the privilege, then GreenPoint is ORDERED to produce the documents to Syncora, unless the documents are subject to other limitations.

5

### D. Documents Concerning the Clayton Audit

In late 2006, GreenPoint contracted with a third party, Clayton, to conduct a special audit on a sample of loans. Syncora requests the documents concerning the Clayton audit. GreenPoint argues that the Clayton audit is not relevant, because the specific loans at issue were not among the loans that Clayton audited. Syncora disputes GreenPoint's claim that none of the loans at issue were audited by Clayton. Even if GreenPoint is correct, however, the documents may still have relevant information regarding the general practices of the underwriters and errors in origination.

Therefore, the Court finds that these documents are discoverable.

### E. Documents Regarding the "Strike Force" Team

Finally, Syncora requests documents regarding the creation of a "strike force" team in December 2006 by Ms. Gibin. The strike force focused on responding to issues raised by JP Morgan Chase, particularly about underwriting and stated income discrepancies. GreenPoint and EMC argue that these documents are not relevant because the JP Morgan Chase loans are not the loans at issue. However, like the loans audited by Clayton, the findings concerning these loans are relevant, in that they increase the likelihood that there were also problems with the origination of the loans at issue.

Therefore, the Court finds that these documents are discoverable.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Ms. Gibin shall make herself available for 3½ hours to discuss only those documents cited in plaintiff's motion. Furthermore, GreenPoint is ORDERED to produce all non-privileged responsive documents requested by plaintiff.

**IT IS SO ORDERED.**

Dated: March 25, 2013

SUSAN ILLSTON
United States District Judge