IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCORA GUARANTEE INC., formerly known as XL CAPITAL ASSURANCE, INC.,<br><br>    Plaintiff,<br><br>   v.<br><br>EMC MORTGAGE CORP.,<br><br>    Defendant.<br>_____/ | No. MC 13-80037 SI<br><br>**ORDER DENYING LEAVE TO MOVE FOR RECONSIDERATION** |

On June 10, 2013, the Court granted plaintiff's motion to compel the production of documents held by third party GreenPoint Mortgage Funding, Inc. Docket No. 74 ("Order"). Currently before the Court is GreenPoint's motion for leave to move for the Court to reconsider its Order. Plaintiff filed an opposition to GreenPoint's motion. Having considered the parties' papers and the evidentiary record, the Court hereby DENIES GreenPoint's motion, for the reasons set forth below.

**BACKGROUND**

The underlying action in this case, *Syncora Guarantee Inc. v. EMC Mortgage Corp.*, No. 09-CV-3106 (S.D.N.Y. filed March 31, 2009), involves an alleged breach of contract for the securitization of mortgages. The loans at issue were originated by GreenPoint, and plaintiff alleges that GreenPoint committed, *inter alia*, fraud or negligence in the origination of the loans.

In 2009, Syncora issued a subpoena to GreenPoint that sought the production of, *inter alia*, documents related to the GreenPoint Representations and Warranties ("R&W") department's investigation and analysis of repurchase demands. Although GreenPoint has produced some of these

documents, the parties disputed whether other documents were properly redacted or withheld on the basis of attorney-client privilege.

The Court found that documents which were created by non-attorneys in the R&W department and not sent directly to attorneys were not privileged under either California or New York law. It rejected GreenPoint's argument that the documents are privileged because they were created at the direction of and in response to requests by in-house counsel, and were eventually used by attorneys to generate legal advice.

## LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A motion for reconsideration may not be used to present arguments that were presented initially or "reasonably could have been raised" during the initial motion. *Id.* The district court has discretion to deny a motion for reconsideration. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

Local Rule 7-9 requires that parties request leave of the court to file a motion for reconsideration. Movants are prohibited from repeating any argument made previously, and must show a material difference or an intervening change in the facts or the law, or a manifest failure by the court to consider dispositive facts or legal arguments. L.R. 7-9.

## DISCUSSION

GreenPoint does not argue that there has been any newly-discovered evidence or an intervening change in controlling law. Instead, GreenPoint argues that the Court committed clear error in its understanding of the facts. In violation of the local rules, GreenPoint also repeats the same arguments

that it initially made in its moving papers.

First, GreenPoint argues that the Court committed clear error because it indicated that GreenPoint sought a blanket privilege exempting an entire department's analysis. However, the Court explicitly recognized that GreenPoint had produced some documents to Syncora, and that Syncora did not dispute the confidentiality of other documents. Order at 2. The Court's Order was not a clear error because it appropriately considered only the documents where the privilege was disputed.

Second, GreenPoint argues that the Court erred when it found that the dominant purpose of the communications was the analysis of repurchase demands. Instead, GreenPoint argues that the dominant purpose was to enable attorneys to render legal advice. However, GreenPoint made the identical argument in its moving papers, and the Court explicitly rejected this argument under both California and New York law, finding that instead these communications are primarily relevant to ordinary business matters. GreenPoint's re-argument of its rejected theory provides no rationale for the Court to reconsider its finding and violates the local rules.

Third, GreenPoint argues that the Court erred in not finding that the communications were primarily created for legal counsel. However, this is again a repeat of an argument that the Court explicitly considered and rejected. Instead, the Court found that it was the general business of the R&W department to analyze repurchase demands, and the mere fact that eventually these documents were communicated to legal counsel is not enough to create a privilege. GreenPoint's repetition of the same argument it made in its initial papers does not justify reconsideration.

Finally, GreenPoint argues that the Court was mistaken in finding that GreenPoint was "legally obligated" to conduct repurchase reviews. *See* Order at 6. GreenPoint mischaracterizes the Court's finding. The "legally obligated" phrase is a quotation from a case, and not a factual finding. The Court found that "[i]n many of the loans GreenPoint has originated, the sales contracts included provisions requiring GreenPoint to repurchase the loans," and that "GreenPoint's legal obligations regarding the repurchase demands remained the same before and after August 2007." Order at 2, 6. These findings are based on GreenPoints own declarations. GreenPoint declared that "[t]he sales contracts often contained provisions requiring GreenPoint to repurchase loans under certain circumstances specified in the contracts." Docket No. 69-1 ("Medina Decl.") ¶ 4. Moreover, although GreenPoint made a

business decision in August 2007 that it would "no longer repurchase loans unless it was contractually obligated to do so," its legal obligations regarding these loans never changed. *Id.* ¶¶ 8-11. Thus, the Court did not commit a clear error that would warrant reconsideration of its Order.

**CONCLUSION**

For the foregoing reasons, the Court DENIES GreenPoint's motion. This resolves Docket No. 76.

**IT IS SO ORDERED.**

Dated: July 25, 2013

SUSAN ILLSTON
United States District Judge